ERNEST J. WOLFE, JR., ESQ. Lowville, N Y
This is in response to your recent letter requesting the opinion of the Attorney General with respect to the following matter. You state that the chairman of the Village of Lowville Housing Authority was elected in November to the New York State Assembly from the assembly district encompassing this housing authority. This person receives no salary in his position as housing authority chairman. You inquire whether a conflict of interest would exist between the two positions when this person enters upon the duties of an Assemblyman and takes his oath of office.
It is a general rule that one person may hold two public offices at the same time unless there is some constitutional or statutory provision to the contrary or unless the offices are incompatible. (People v. Irwin, 166 Misc. 492 [1938].)
The qualifications for members of the New York State Legislature are set forth in Article III, § 7, of the New York State Constitution. Nothing contained in that provision would prohibit the Assemblyman in question from simultaneously holding the non-salaried office of village housing authority chairman.
Nor do we find any statutory provision which would prohibit the dual holding of both offices. In so stating, we have carefully examined the provisions of the Public Housing Law relating to the appointment and qualifications of members of a village housing authority, as well as the provisions of sections 73
and 74 of the Public Officers Law, which are made applicable to, among others, members of the Legislature.
There is no conflict of interest under Article 18 of the General Municipal Law, because the provisions of that article apply only to contracts with the municipality which the officer or employee serves.
Public offices are incompatible when there is a conflict in the duties such that the full performance of all the duties of one would interfere with the full performance of the duties of the other (People ex rel. Ryan v. Green, 58 N.Y. 295 [1874]). The Village of Lowville Housing Authority was established by an act of the Legislature (L. 1973, Ch. 430). In its organization and management it is governed by the general provisions of the Public Housing Law (Public Housing Law, § 509). The function of a municipal housing authority is to address the problems of insanitary and substandard housing conditions existing within the municipality (Public Housing Law, § 2). The general powers of such an authority are set forth in section 37 of the Public Housing Law and in other sections of that law. They include the power to contract with the State for the issuance of subsidies to the authority and for the acquisition of real or personal property. In some instances, therefore, it is conceivable that the chairman of a village housing authority would have occasion to deal with various agencies of State government.
We do not feel, however, that this in itself creates a conflict prohibiting such person from fully executing the duties of both offices. An Assemblyman would have no direct authority over, or involvement with, those State officials, such as the Commissioner of Housing and Community Renewal, who are responsible for contracting with municipal housing authorities on behalf of the State. An individual Assemblyman would also have no direct authority over the operation of the Village of Lowville Housing Authority, but only passes upon legislation affecting municipal housing authorities in general terms. This does not constitute an incompatibility (See 1974 Atty. Gen. [Inf.] 43, copy enclosed, wherein we stated that there is no incompatibility between the offices of dean of a college of a State university and a member of the Legislature).
We conclude that a member of the New York State Assembly may simultaneously serve as chairman of a village housing authority located within his assembly district.
We assume, of course, that the individual in question will be able to devote an amount of time to both offices sufficient to properly fulfill the obligations of each.
 *Page 1